[Cite as *Yarbrough v. Ohio Dept. of Transp., Dist. 12*, 2011-Ohio-1115.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEORGE H. YARBROUGH

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2010-08942-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, George H. Yarbrough, filed this action against defendant, Department of Transportation (ODOT), contending the tire on his 2009 Ford Taurus was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 480 in Cuyahoga County. Specifically, plaintiff related: "I was driving westbound on Interstate 480, near Transportation Blvd., at approximately 11:00 AM on August 1, 2009, when a vehicle, slightly ahead of me and to my left, struck an object on the road" propelling the object into the path of the 2009 Ford Taurus and causing damage to the tire when the vehicle ran over it. Plaintiff described the damage-causing object as a "wheel cover." In his complaint, plaintiff requested damage recovery in the amount of $124.94, the cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant conducted an investigation and determined that the damage-causing incident occurred at state milepost 21.70 or county milepost 19.55 on Interstate 480 in Cuyahoga County. Defendant asserts that it had no "notice of the subject condition prior to" the damage-causing incident. Defendant, "believes that the debris existed in that location for only a relatively short amount of time before plaintiff's

incident." Defendant asserted that plaintiff failed to produce any evidence to establish the length of time the debris condition existed prior to 11:00 a.m. on August 1, 2009. Defendant also asserted that plaintiff did not offer any evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT.

{¶ 3} Defendant pointed out that defendant's "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered at state milepost 21.70 on Interstate 480 the last time that specific section of roadway was inspected prior to August 1, 2009. Defendant reviewed a six-month maintenance jurisdiction history of the area in question and found five litter patrols were performed, the last being on July 30, 2009. Also, defendant's records show that sixteen litter pick-ups were performed in the area with the last occurring on June 30, 2009 and according to defendant, any debris found would have been picked up.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

**{¶ 7}** Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular wheel cover debris condition prior to 11:00 a.m. on August 1, 2009.

**{¶ 8}** Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including wheel cover debris, plaintiff must proof that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

**{¶ 9}** "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute

constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the wheel cover debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the wheel cover debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the wheel cover debris on the roadway.

{¶ 11} Evidence in the instant action is conclusive to show that plaintiff's damage was caused by an act of an unidentified third party. Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. See *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 12} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171

N.E. 327.

{¶ 13} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing that ODOT personnel were periodically performing work activities on the particular section of Interstate 480 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his property. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEORGE H. YARBROUGH

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2010-08942-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

George H. Yarbrough
19015 Van Aken Blvd.
Apt. 406
Shaker Hts., Ohio  44122-3504

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/1
Filed 1/11/11
Sent to S.C. reporter 3/4/11